1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| PATSY A. DIXON, | CASE NO. 15CV1897-GPC(WVG) |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;** [Dkt. No. 2] |
| CHIEF OF POLICE AT ESCONDIDO, CA CRAIG CARTER, ALIAS, | **(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM.** |
| Defendant. | |

Plaintiff Patsy A. Dixon, proceeding *pro se*, filed a complaint against the Chief of Police of Escondido Police Department, and a motion to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2.) Based on the reasoning below, the Court DENIES Plaintiff's motion to proceed IFP and sua sponte DISMISSES Plaintiff's complaint for failure to state a claim on which relief may granted.

**Discussion**

**A.   Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

1  of $400. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure
2  to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a).
3  See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook,
4  169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit
5  demonstrating her inability to pay the filing fee, and the affidavit must include a
6  complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). When a plaintiff
7  moves to proceed IFP, the court first "grants or denies IFP status based on the
8  plaintiff's financial resources alone and then independently determines whether to
9  dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). Franklin
10 v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

11       Here, Plaintiff submitted a declaration reporting that she is currently unemployed
12 and her date of last employment was on August 10, 2008. (Dkt. No. 2 at 2.) Plaintiff
13 reports she receive $2,109.00 per month of SSDI, has remainder of inherence of $10.37
14 and about $200.00 in gifts. (Id.) She does not own a motor vehicle but states she owns
15 real estate with a value around $10 million in Aspen, Colorado. (Id. at 3.) She has no
16 dependents relying on her for support. (Id.) She has about $10,000 in debt obligations
17 but $25,000 is as "non-employed." (Id.) Based on Plaintiff's representations, she is
18 able to pay the filing fee, and the Court DENIES Plaintiff's motion for leave to proceed
19 IFP.

20 **B.    Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

21       A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject
22 to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or
23 malicious; fails to state a claim upon which relief may be granted; or seeks monetary
24 relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);
25 Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

1 § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-
2 27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed
3 pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss
4 before directing that the complaint be served by the U.S. Marshal pursuant to Federal
5 Rule of Civil Procedures 4(c)(2). Lopez, 203 F.3d at 1127.

6 Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short
7 and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
8 Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff
9 must plead sufficient facts that, if true, "raise a right to relief above the speculative
10 level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). To state a claim
11 upon which relief may be granted "a complaint must contain sufficient factual matter,
12 accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.
13 Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is
14 facially plausible when the factual allegations permit "the court to draw the reasonable
15 inference that the defendant is liable for the misconduct alleged." Id. In other words,
16 "the non-conclusory 'factual content,' and reasonable inferences from that content,
17 must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S.
18 Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint
19 states a plausible claim for relief will . . . be a context-specific task that requires the
20 reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S.
21 at 679.

22 Here, as to the named defendant in the caption, Plaintiff alleges the "Chief of
23 Police is listening always to me in the bathroom here at the Escondido Public Library
24 and selling it's rights to Ben Roethlisberger who is Rapist to my sole friend, not, but
25 Arlene, not, but, authentically Mrs. Darlene Marie McGuffey Madoff Trump, so help
26 me God." (Dkt. No. 1 at 1.) Also, she writes that "they are listening to us via website
27 provided by the Escondido PD Chief of Police. . . ." (Id. at 2.) Plaintiff continues with
28 allegations concerning another criminal case in state court involving her sons and

1 criminal conduct by officers. However, the allegations are scattered and are not
2 comprehensible, and fail to state a claim that is plausible on its face. Accordingly, as
3 currently pled, Plaintiff's complaint is subject to *sua sponte* dismissal. Accordingly,
4 the Court DISMISSES Plaintiff's complaint for failing to state a claim pursuant to 28
5 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

Based on the above, the Court DENIES Plaintiff's motion to proceed IFP and sua sponte DISMISSES Plaintiff's complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

DATED: September 22, 2015

HON. GONZALO P. CURIEL
United States District Judge